Stefan Savic
**SHIPKEVICH PLLC**
65 Broadway, STE 750
New York, New York 10006
Telephone:     (212) 252-3003
Facsimile:     (888) 568-5815
ssavic@shipkevich.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **PETER ROSATO,** | Index No.: |
| Plaintiff**,** | **COMPLAINT** |
| -against- | **PLAINTIFF DEMANDS A TRIAL BY JURY** |
| **DAVID SCHWARTZ, MD**, | |
| Defendant**.** | |

Plaintiff Peter Rosato ("Rosato" or "Plaintiff"), by his attorneys Shipkevich PLLC, hereby alleges as follows:

## <u>INTRODUCTION</u>

1.  This action stems out of the breached contractual obligations and broken promises by Defendant David Schwartz, MD ("Schwartz" or "Defendant").

2.  Rosato and Schwartz purchased certain real estate together that they intended to and did in fact develop and used for their businesses. While Schwartz initially complied with his obligations to pay half of the mortgage and other necessary expenses, he abruptly stopped doing so at one point claiming that he can no longer afford it.

3.  Rosato, alone, has been paying for the necessary expenses tied to the property since then, including the portion that Schwartz was obligated to pay.

4.  All of Rosato's attempts to resolve this issue without resorting to litigation have fallen flat due to Schwartz' refusal to cooperate.

## PARTIES

5.  Rosato is a natural person residing in New Jersey.

6.  Schwartz is a natural person residing in Brookville, New York.

## JURISDICTION

7.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity exists between Rosato and Schwartz, and the amount in controversy exceeds $75,000 exclusive of costs and interest.

8.  Rosato is domiciled in the State of New Jersey where he resides with an intent to stay.

9.  Schwartz is domiciled in the State of New York, where he resides with an intent to stay.

## VENUE

10. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Defendant resides in this district.

## STATEMENT OF FACTS

11. Rosato and Schwartz worked together on multiple business ventures.

12. In 2012, they purchased together certain real estate located in Jamesburg, a borough in Middlesex County, New Jersey, which they would use for business purposes (the "Property"). Rosato and Schwartz agreed to evenly split the purchase price, and thus the resulting mortgage, property taxes, maintenance costs and other related expenses.

2

13. The Property needed certain repairs and renovation before it could be used for its intended purpose. Rosato and Schwartz agreed to evenly split those costs as well.

14. Around June 2016, however, Schwartz stopped making the payments with the excuse that he could no longer afford it.

15. Since then, Schwartz hasn't paid his agreed-upon share of expenses.

16. Rosato continued to pay the mortgage as both him and Schwartz were personally responsible for the amount of the promissory note. Rosato also continued to cover other necessary expenses in order to mitigate the damage caused by Schwartz' breach

17. In January 2019, Rosato for the last time attempted to have Schwartz meet his financial obligations, but the attempt was to no avail as Schwartz responded that "[he] cannot afford to pay [Rosato] that money now."

18. As a result of Schwartz' breach of his contractual obligations, Rosato suffered damages of at least $85,000, excluding interest, and continues to be harmed by Schwartz' ongoing misconduct.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

19. Plaintiff repeats and realleges each and every prior allegation herein.

20. Rosato and Schwartz had an agreement pursuant to which they would evenly split the mortgage payments and other costs and expenses related to the Property.

21. While Rosato met his obligations, Schwartz failed to meet his. Schwartz stopped the payments that he was obligated to make around June 2016.

22. Schwartz' failure to perform his obligations resulted and continues in financial damages to Rosato.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)
### *Pleaded in Alternative*

23. Plaintiff repeats and realleges each and every prior allegation herein.

24. Rosato conferred benefit upon Schwartz which Schwartz unjustly retained.

25.  Schwartz unjustly benefited at Rosato's expense.

26. Equity and good conscience require restitution.

## THIRD CAUSE OF ACTION
### (Promissory Estoppel)
### *Pleaded in Alternative*

27. Schwartz made a clear and unambiguous promise to Rosato that he would evenly split with

Rosato the mortgage payments and other costs and expenses related to the Property.

28. Rosato reasonably and foreseeably relied on the promise.

29. Rosato suffer financial damages as a result of this reliance.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court enter a judgment:

(a)  Awarding actual damages to be determined at trial;

(b)  Awarding Plaintiff the costs of this action together with reasonable attorneys' fees;

(c)  Awarding Plaintiff pre- and post-judgment interest in the statutory amount; and

(d)  Granting such other and further relief as this Court deems necessary and proper.

## JURY DEMANDS

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated:  New York, New York                    Respectfully submitted,
       February 22, 2019

                                    */s/ Stefan Savic*
                                    Stefan Savic
                                    **SHIPKEVICH PLLC**
                                    65 Broadway, STE 750
                                    New York, New York 10006
                                    Telephone:    (212) 252-3003
                                    Facsimile:    (888) 568-5815
                                    ssavic@shipkevich.com
                                    *Attorneys for Plaintiff*